[No. 10865.   Department One.   April 9, 1913.]

R. E. HARRIS, *Appellant,* v. ALEXANDER B. STEWART *et al.,*
*Respondents.*[1]

CORPORATIONS—STOCK—SALE—RESCISSION FOR FRAUD—EVIDENCE—
SUFFICIENCY. The purchaser of stock in a drug corporation, upon
the recommendation of the defendant, who was the undisclosed
owner of the stock, cannot be rescinded for fraud, where it appears
that no confidential relations existed between the parties, the pur-
chaser was experienced in the business, made his own investigation
of the stock and learned its value and the amount of the debts
against it, and purchased with full knowledge thereof; and did not
promptly offer to rescind when he learned of the vendor's interest
in the stock.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered July 12, 1912, upon findings
in favor of the defendant, in an action for rescission and re-
covery of money paid, after a trial to the court.   Affirmed.

*Frank E. Green* and *Brady & Rummens,* for appellant.

*Higgins & Hughes* and *Force & Ballinger* (*Hyman Zet-*
*tler,* of counsel), for respondents.

MOUNT, J.—The plaintiff brought this action to rescind a
purchase of the capital stock of a drug company, known as
the Raven Drug Company, in Seattle, and to recover from the
defendant Stewart the money paid by plaintiff for the stock
of that company.   The plaintiff seeks to recover upon the
ground that Mr. Stewart was a large owner of the stock

[1]Reported in 131 Pac. 212.

of the company, which was unknown to the plaintiff at the time of the purchase; that Stewart recommended the purchase of the stock as a good investment; that plaintiff relied upon that recommendation and regarded Mr. Stewart as a friend and confidential agent; that after the purchase of the stock, plaintiff learned that it was of no value, and that this fact was known to the defendant Stewart at the time of the purchase. These facts were all put in issue. The case was tried to the court, and findings were made against the plaintiff and the action was dismissed. Plaintiff has appealed.

He argues that the judgment should be reversed upon disputed questions of fact wholly. It appears that the plaintiff had been in the drug business in the state of Montana for several years prior to the year 1909. In that year he sold his Montana business and came to Seattle. In August he called upon Mr. Stewart and was introduced by plaintiff's brother, who was then in the employ of the Stewart & Holmes Drug Company. Mr. Stewart was the president of the Stewart & Holmes Drug Company, which did a large wholesale drug business. Plaintiff had had some dealing with the Stewart & Holmes Drug Company prior to the time he came to Seattle. Soon after plaintiff arrived in Seattle, he sought employment as a traveling salesman from the Stewart & Holmes Drug Company. Mr. Stewart did not employ the plaintiff, but suggested that he go into business in Seattle, and suggested that he purchase an interest in the Raven Drug Company. The stock of that company was all held in the name of H. S. Elwood, but was owned by Elwood who owned one half thereof in his own right, and Mr. Stewart who owned a quarter of the stock, and by Mr. Hoge who owned the other quarter. Mr. Stewart did not disclose his interest in the stock, but agreed to arrange a meeting between plaintiff and Mr. Elwood, which was done. Plaintiff thereupon entered into negotiations with Mr. Elwood, which resulted in the purchase by the plaintiff of one-half of the capital stock of the

Raven Drug Company for $14,700. Before the purchase was made, the plaintiff examined the stock and books of the company, and learned the condition of the company and the amount of its debts, and the names of the creditors, one of whom was the Stewart & Holmes Drug Company to the amount of $6,000. It was finally agreed between Mr. Elwood and the plaintiff that the purchase money paid by the plaintiff for the stock should go toward the liquidation of the debts and not be paid to the stockholders. This was accordingly done. In August, 1909, the plaintiff with Elwood went into possession of the business. Two or three months later, plaintiff learned that Stewart was a part owner of the stock of the Raven Drug Company, but made no complaint and did not offer to rescind the sale. The business was continued by plaintiff and Elwood for more than a year, when, in November, 1910, the plaintiff became president and sole manager of the business of the Raven Drug Company and about a month later sold his interest.

There are at least three grounds any one of which is sufficient to sustain the conclusion of the trial court: (1) The plaintiff failed to show that there were any confidential relations existing between him and the defendant Stewart. (2) Even if there were such relations, the plaintiff did not rely thereon, but made an independent investigation of the property he bought, learned its value, and the debts existing against it, and purchased with the full knowledge of the condition thereof; he was experienced in the business and purchased not upon representations of the defendant Stewart but upon his own knowledge and judgment. And (3) after the plaintiff learned of defendant's interest—if such interest was material—and after he had been in actual possession for a period of two or three months and knew all about the business, he made no complaint and did not offer to rescind the contract on that account. It was his duty upon discovering the facts to at once announce his intention to rescind. *Eld-*

*ridge v. Young America etc. Min. Co.*, 27 Wash. 297, 67 Pac. 703. This he did not do. The judgment must therefore be affirmed.

Crow, C. J., Parker, Gose, and Chadwick, JJ., concur.